PRISCILLA OWENBY, Plaintiff v. FRED JOHNSON YOUNG, Defendant

No. COA01-711

(Filed 21 May 2002)

**Child Support, Custody, and Visitation— custody—action by
grandparent—deceased mother—alcohol abuse by father**

    The trial court erred by not finding a father unfit to have cus-
tody of his two children where he and the mother had divorced,
with the mother having primary custody; the mother died in a
plane crash; the maternal grandmother brought this action seek-
ing custody; and defendant's behavior, including consuming alco-
hol while transporting the children and allowing others to do the
same, is inconsistent with his constitutionally protected status
and constituted a substantial risk of harm to the children. The
matter was remanded for application of the best interest of the
child standard in determination of custody.

    Appeal by plaintiff from order filed 3 January 2001 by Judge
Robert S. Cilley in McDowell County District Court. Heard in the
Court of Appeals 16 April 2002.

    *Lynch & Taylor, P.A., by Anthony Lynch, for plaintiff-appellant.*

    *C. Gary Triggs, for defendant-appellee.*

GREENE, Judge.

    Priscilla Owenby (Plaintiff) appeals a judgment filed 3 January
2001 dismissing her action against Fred Johnson Young (Defendant)
for lack of standing.

    In summary form, the undisputed evidence shows Defendant and
Priscilla Price Young (Young), Plaintiff's daughter, were married on 13
July 1985. During their marriage, Defendant and Young had two chil-
dren: Frederick Johnson Young, III (Trey), born on 12 May 1989, and
Taylor Patrick Young (Taylor), born on 11 December 1990. On 25
August 1993, Defendant and Young divorced and custody issues were
settled in a separation agreement, which was later incorporated into
a court order. Defendant and Young had joint custody of the children,
with Young having primary custody and Defendant having secondary
custody, structured as visitation. After Defendant and Young sepa-
rated, Young and the children often lived with Plaintiff. In December

OWENBY v. YOUNG

[150 N.C. App. 412 (2002)]

1995 and again on 13 April 2000, Defendant was convicted of driving while impaired. As a result of Defendant's second driving while impaired conviction, his driver's license was revoked.

Subsequently, on 28 April 2000, Young died in a plane crash and shortly thereafter, on 26 May 2000, Plaintiff filed a complaint seeking custody of Trey and Taylor. In her complaint, Plaintiff alleged Defendant was unfit to have care, custody, and control of Trey and Taylor due to his: lifelong problem with alcohol abuse; DWI convictions; and employment and economic instability. On the day Plaintiff filed her complaint, she moved the trial court to enter an order granting her temporary care, custody, and control of Trey and Taylor. The trial court entered an *ex parte* order on 26 May 2000 granting Plaintiff immediate temporary custody of Trey and Taylor. After Defendant moved the trial court for dissolution of the 26 May 2000 order, the trial court entered a temporary order on 21 July 2000 incorporating an agreement reached by Plaintiff and Defendant. The 21 July 2000 order maintained primary custody with Plaintiff, awarded Defendant visitation of the children, and further ordered that:

> ii. Neither party shall consume alcohol around the children or permit alcohol to be consumed by others at their residence while the children are present.

> iii. Neither party shall drive the children unless they are properly licensed by the state of North Carolina; neither party will permit another to drive the minor children except those licensed, insured and driving a properly registered vehicle.

A two-day hearing was held on 7 and 18 December 2000 to determine if Plaintiff had standing to seek custody of Trey and Taylor. The trial court stated Plaintiff's burden was "to show [Defendant] to be unfit or in some other way to have acted . . . in a [manner] inconsistent with the parental relationships." At the hearing, Defendant testified he has driven while impaired and has also driven without a license. At times, Defendant has "operated a vehicle[] and consumed alcohol at the same time." Defendant also testified that while he knew it was wrong, he has allowed others to drive his children in the recent past while the individuals were consuming alcohol. According to Defendant, the children have spent a significant part of their lives in McDowell County, living either with or in proximity to Plaintiff.

Both Trey and Taylor testified they often smelled alcohol on Defendant's breath. Trey stated that on several instances in the past,

he has ridden in a vehicle with Defendant while Defendant drank beer. In addition, Trey's paternal uncle, while drinking, has driven Trey, Taylor, and Defendant to Charlotte.

Taylor testified that on more than one occasion, he has ridden in a car with Defendant while Defendant and others consumed alcohol while driving. On one occasion, when the children's paternal uncle was drinking alcohol and driving, the children were involved in an automobile accident but were not severely injured. Taylor stated that he did not feel good about riding with his father because he was "afraid [Defendant] might . . . [drink] and [they] would get in a wreck again." Both children testified that when Defendant drinks alcohol, he becomes upset and agitated with Trey and Taylor. The two minor children were aware Defendant's driver's license was suspended, he often operated a vehicle while drinking alcohol or being under its influence, and Defendant operated a vehicle on several occasions while his license had been revoked.

After the hearing, the trial court concluded:

2. The burden of proof is on the non-parent to show the existence of the factual basis for a conclusion of unfitness or neglect.

. . . .

4. The facts found on the threshold issue do not make out a prima facie case that as a matter of law [D]efendant is unfit to act as a parent, or that he has so neglected his responsibilities as a parent as to constitute a waiver of his rights to raise his own children.

5. Plaintiff, having failed to make out a prima facie case that [D]efendant is unfit or neglectful or that he has otherwise acted inconsistent with the parental relationship, has no standing to maintain an action against [D]efendant for custody of his minor children.

Consistent with its findings of fact and conclusions of law, the trial court dismissed Plaintiff's action for "lack of standing" and dissolved the temporary custody order.

---

The dispositive issue is whether the trial court erred in concluding Defendant is fit "to act as a parent[] or that he has [not] neglected his responsibilities as a parent as to constitute a waiver of his rights to raise his own children."

OWENBY v. YOUNG

[150 N.C. App. 412 (2002)]

In a custody dispute between natural parents and a third person, including a grandparent, a natural parent has a "paramount constitutional right to custody and control of his or her children." *Adams v. Tessener*, 354 N.C. 57, 62, 550 S.E.2d 499, 503 (2001). Thus, in order to have standing to seek custody from a parent, a third party must show she has an established relationship with the child, such that she is not a stranger to the child, *Ellison v. Ramos*, 130 N.C. App. 389, 394, 502 S.E.2d 891, 894, *appeal dismissed and disc. review denied*, 349 N.C. 356, 517 S.E.2d 891 (1998), and "the parent is unfit to have custody or . . . [his] conduct is inconsistent with his . . . constitutionally protected status," *Adams*, 354 N.C. at 62, 550 S.E.2d at 503 (citations omitted). Only after a nonparent has shown she has an established relationship with the child and that the parent has acted in a manner inconsistent with his constitutionally protected status, will the "best interest of the child" standard be applied to determine custody. *Id.* at 62, 550 S.E.2d at 502.

Conduct rising to the level of that inconsistent with a parent's constitutionally protected status "includes, but is not limited to: neglect of the children; abandonment of the children; and, in some circumstances, the voluntary surrender of custody of the children." *Speagle v. Seitz*, 141 N.C. App. 534, 536, 541 S.E.2d 188, 190 (2000), *overruled on other grounds*, 354 N.C. 525, 557 S.E.2d 83 (2001). Whether a parent is unfit or his conduct constitutes "conduct inconsistent" with his constitutionally protected status "presents a question of law and, thus, is reviewable *de novo*," and the conduct " 'need not rise' to that conduct necessary to terminate parental rights." *Id.* (citations omitted). In order to give rise to a best interest inquiry, the parental conduct must be inconsistent with the constitutionally protected status and "have some negative impact on the child or constitute a substantial risk of such impact." *Id.* at 536-37, 541 S.E.2d at 190; *see Speagle v. Seitz*, 354 N.C. 525, 531, 557 S.E.2d 83, 87 (2001) (any past circumstance that could "impact either the present or the future of a child is relevant"); *see also Wisconsin v. Yoder*, 406 U.S. 205, 233-34, 32 L. Ed. 2d 15, 35 (1972) (parents' constitutional rights will be suspended only "if it appears that parental decisions will jeopardize the health or safety of the child, or have a potential for significant social burdens").

In this case, the evidence at trial shows Defendant drank beer while driving Trey and Taylor and allowed his brother to do the same. Furthermore, even though Defendant testified at trial that he knew it was wrong to drink and drive, he still permitted his brother to drive

the children after and while the brother had consumed alcohol. Defendant's behavior, including consuming alcohol while transporting the children and allowing others to do the same, is inconsistent with his constitutionally protected status and constituted a substantial risk of harm to the children. Accordingly, the trial court erred in failing to find Defendant unfit to have custody of Trey and Taylor. This case, therefore, must be remanded for the trial court to apply the "best interest of the child" standard and to determine in whose custody the interests of Trey and Taylor would be best served.

Reversed and remanded.

Judges TIMMONS-GOODSON and THOMAS concur.